```
 1

 2            IN THE UNITED STATES DISTRICT COURT FOR THE
                    WESTERN DISTRICT OF MISSOURI
 3                      SOUTHWESTERN DIVISION

 4  UNITED STATES OF AMERICA,      ) Case No. 17-05023-01-CR-SW-RK
                                   )
 5            Plaintiff,           ) Springfield, Missouri
                                   ) January 29, 2018
 6  v.                             )
                                   )
 7  RAYMOND ADAIR,                 )
                                   )
 8            Defendant.           )
    _____    )
 9
               TRANSCRIPT OF HEARING ON CHANGE OF PLEA
10            BEFORE THE HONORABLE DAVID P. RUSH
                 UNITED STATES MAGISTRATE JUDGE
11
    APPEARANCES:
12
    For the Plaintiff:          Mr. James J. Kelleher
13                              Assistant United States Attorney
                                901 St. Louis St., Ste. 500
14                              Springfield, MO  65806
                                (417) 831-4406
15
    For the Defendant:          Ms. Erica Mynarich
16                              901 St. Louis St., Ste. 1600
                                Springfield, MO  65806
17                              (417) 831-6363

18  Court Audio Operator:       Ms. Karla Berziel

19  Transcribed by:             Rapid Transcript
                                Lissa C. Whittaker
20                              1001 West 65th Street
                                Kansas City, MO  64113
21                              (816) 914-3613

22

23

24
    Proceedings recorded by electronic sound recording, transcript
25  produced by transcription service.
```

1     (Court in Session at 1:35 p.m.)

2          THE COURT:  Calling in *United States vs. Raymond Adair*.

3     The defendant appears in person along with his attorney, Ms.

4     Erica Mynarich.  The United States appears by Assistant United

5     States Attorney, Mr. Jim Kelleher.  This matter is set this

6     afternoon for a change of plea to the two-count Information which

7     was filed back on May 25th, 2017, pursuant to a written Plea

8     Agreement.  Mr. Adair, you have signed a consent to have these

9     proceedings for a plea of guilty before a Magistrate Judge, with

10    the understanding that a United States District Judge, a judge of

11    higher jurisdiction, will keep your case for acceptance of the

12    plea of guilty and sentencing.  Even though you signed this

13    consent you have a right, if you wish, to appear before a United

14    States District Judge, a judge of higher jurisdiction, for these

15    proceedings.  At any appearance before the District Judge, you're

16    presumed innocent until such time, if ever, as the Government

17    establishes your guilt beyond a reasonable doubt to the

18    satisfaction of the judge or jury.  You always have a right to be

19    present and to confront and cross-examine witnesses.  You have a

20    right to use the power of the court to subpoena evidence on your

21    behalf and you have a right to testify or not testify as you

22    would choose.  And if you chose not to testify it would not be

23    held against you as that is your right.  If, after understanding

24    the charges against you, the range of punishment, if convicted,

25    and your right to appear before a District Judge, if you wish,

1  you may waive or give up that right and proceed this afternoon

2  before the Magistrate Judge.  As I indicated, you and your

3  attorney have signed such a consent.  Do you understand that you

4  have a right to appear before a United States District Judge, a

5  judge of higher jurisdiction, for these proceedings?

6          MR. ADAIR:  I do understand, Your Honor.

7          THE COURT:  And is it your desire to give up that right

8  and proceed this afternoon before the Magistrate Judge?

9          MR. ADAIR:  Yes, it is, Your Honor.

10         THE COURT:  Mr. Adair, do you understand the charge

11 against you in Count One of the Information that's been filed in

12 this case?

13         MR. ADAIR:  I do.

14         THE COURT:  Do you understand that if convicted of the

15 charge in Count One, that the maximum penalty the court may

16 impose is not more than 60 years imprisonment, not more than a

17 $250,000 fine, not less than five years supervised release or up

18 to a life term of supervised release, and a $100 mandatory

19 special assessment?

20         MR. ADAIR:  I do understand that, Your Honor.

21         THE COURT:  To the charge in Count One, how do you wish

22 to plead, guilty or not guilty?

23         MR. ADAIR:  Guilty.

24         THE COURT:  Do you understand the charge against you in

25 Count Two of the Information that's been filed in this case?

1       MR. ADAIR:  Yes, I do, Your Honor.

2       THE COURT:  Do you understand that if convicted of the

3  charge in Count Two, that the maximum penalty the court may

4  impose is not more than 10 years imprisonment, not more than a

5  $250,000 fine, not more than five years supervised release, and a

6  $100 mandatory special assessment?

7       MR. ADAIR:  I do, Your Honor.

8       THE COURT:  To the charge in Count Two, how do you wish

9  to plead, guilty or not guilty?

10      MR. ADAIR:  Guilty, Your Honor.

11      THE COURT:  Would you please raise your right hand as

12 best you can?

13              RAYMOND ADAIR, DEFENDANT, SWORN

14      THE COURT:  Has anyone made any threat of any kind to

15 force you to plead guilty or give up any of the other rights

16 we've discussed this afternoon?

17      MR. ADAIR:  No, Your Honor.

18      THE COURT:  You've signed a Plea Agreement.  Have you

19 read the Plea Agreement and gone over it with your attorney?

20      MR. ADAIR:  Yes, I have.

21      THE COURT:  Do you understand what's in it?

22      MR. ADAIR:  Yes, Your Honor.

23      THE COURT:  Other than what is contained in the Plea

24 Agreement, has anyone made any promise of any kind to induce you

25 or overcome your will to get you to plead guilty or give up any

1  of the other rights we've discussed?

2          MR. ADAIR:  No, Your Honor.

3          THE COURT:  Now, I mentioned to you that there was a

4  supervised release term of not less than five years or up to life

5  supervised release that could be imposed in your case as to Count

6  One and not more than a five-year term of supervised release that

7  could be imposed in your case as to Count Two.  Do you understand

8  that if those terms were imposed and then revoked for any reason,

9  that you could be required to serve an additional term of

10  imprisonment of not more than three years as to Count One and not

11  more than two years as to Count Two.  As to Count One, unless --

12  and this is as to Count One only -- unless the provisions of 18

13  U.S.C. Section 3583(k) supersede Section 3583(e)(3), in that case

14  the court must impose a sentence of not less than five years, and

15  under those scenarios that I've just described for you, if that

16  happened you would receive no credit for any other time you had

17  spent either in custody or on release?  Do you understand that?

18          MR. ADAIR:  I do, Your Honor.

19          THE COURT:  Do you understand that the District Court as

20  to both Count One and Count Two could impose an additional term

21  of supervised release, which is governed by the maximum of the

22  statute pertaining to each count, minus any time you'd spent in

23  custody as a result of a violation?

24          MR. ADAIR:  I do, Your Honor.

25          THE COURT:  Do you understand that from a sentence

1   imposed in your case that there is no parole?

2           MR. ADAIR:  Yes, I do.

3           THE COURT:  Do you understand that there are Sentencing

4   Guidelines to which the District Court or the sentencing judge

5   would refer to in an advisory capacity when attempting to fashion

6   a reasonable sentence in your case?

7           MR. ADAIR:  Yes, Your Honor.

8           THE COURT:  There are guideline calculations in your

9   Plea Agreement.  Have you discussed the guidelines with your

10  attorney?

11          MR. ADAIR:  Yes, I have.

12          THE COURT:  And do you understand them?

13          MR. ADAIR:  I believe so, Your Honor.

14          THE COURT:  Do you understand that the final decision as

15  to how the guidelines are calculated and ultimately what sentence

16  will be imposed rests with the District Judge?

17          MR. ADAIR:  Yes, I do, Your Honor.

18          THE COURT:  If the District Judge would calculate the

19  guidelines differently from what is in your Plea Agreement, and

20  from what you've discussed with Ms. Mynarich, that fact would not

21  give you the right to withdraw or change your plea of guilty.  Do

22  you understand that?

23          MR. ADAIR:  I do.

24          THE COURT:  Once the District Judge establishes the

25  advisory guideline range, in some circumstances, you could be

1 sentenced above that range and, in other circumstances, you could

2 be sentenced below that range. And again, the judge's decision,

3 if you disagreed, would not give you the right to withdraw your

4 plea of guilty. Do you understand that?

5            MR. ADAIR: I do understand, Your Honor.

6            THE COURT: Now, Mr. Adair, you have a right to a trial

7 by jury with all the protections that I explained to you at the

8 beginning of these proceedings. Do you understand your right to

9 a trial by jury?

10            MR. ADAIR: I do, Your Honor.

11            THE COURT: And do you understand that if the court

12 accepts your pleas of guilty that there won't be a trial?

13            MR. ADAIR: I do understand that.

14            THE COURT: I'm going to ask you about the offenses

15 charged in Counts One and Two of the Information. I would remind

16 you that you are under oath. You must answer truthfully. Any

17 false answers could result in charges of false swearing or

18 perjury. You always have the right to remain silent. And I want

19 to refer you to your plea bargain agreement, specifically on page

20 2, Paragraph 3 or Section 3, which is entitled in bold **Factual**

21 **Basis for Guilty Plea**. That then takes up the remainder of page

22 2, entirety of page 3 and onto a brief portion of page 4. Have

23 you read Section 3 and gone over it with Ms. Mynarich?

24            MR. ADAIR: Yes, I have, Your Honor.

25            THE COURT: Are the statements contained in Section 3

1  true?

2        MR. ADAIR:  They are, Your Honor.

3        THE COURT:  Ms. Mynarich, you've had access to the

4  Government's discovery file in this case, have you not?

5        MS. MYNARICH:  Yes, Your Honor.

6        THE COURT:  And based upon your review of the discovery

7  file, are you satisfied if put to proof, that the United States

8  could make a submissible case as to all the elements pertaining

9  to Counts One and Two of the Information as set forth in

10  Paragraph 3 of the Plea Agreement?

11        MS. MYNARICH:  Yes, Your Honor.

12        THE COURT:  There is an adequate factual basis for the

13  pleas of guilty to Counts One and Two.  I find that the plea is

14  voluntary and did not result from force, threats or promises

15  other than those set forth in the Plea Agreement.  Mr. Adair, you

16  are represented in this case by Ms. Mynarich.  Have you had

17  enough time to talk with her about your case?

18        MR. ADAIR:  Yes, I have, Your Honor.

19        THE COURT:  Are you satisfied with the advice that she's

20  given you?

21        MR. ADAIR:  Yes, Your Honor.

22        THE COURT:  The law requires me to ask you if this

23  afternoon you are on any medication prescribed by a physician or

24  any drugs or alcohol of any kind which would affect your ability

25  to understand these proceedings?

1         MR. ADAIR:  No, Your Honor.

2         THE COURT:  The plea bargain agreement that you've

3 signed also contains what we refer to as an appeal waiver.  And I

4 want to refer you again back to your plea bargain agreement, this

5 time on page 11, Paragraph 15 which is entitled in bold **Waiver of**

6 **Appellate and Post-Conviction Rights.**  Have you read Paragraph 15

7 and gone over it with Ms. Mynarich?

8         MR. ADAIR:  Yes, Your Honor.

9         THE COURT:  And do you understand that by signing this

10 Plea Agreement that you've given up those rights to appeal as set

11 forth in Paragraph 15?

12         MR. ADAIR:  I do understand that.

13         THE COURT:  Understanding that and the other matters

14 that we've discussed this afternoon, is it your desire for the

15 court to accept these pleas of guilty?

16         MR. ADAIR:  Yes, Your Honor.

17         THE COURT:  Mr. Kelleher, on behalf of the United

18 States, do you have any other record under Rule 11 that you think

19 I need to make?

20         MR. KELLEHER:  No, Your Honor.  Thank you.

21         THE COURT:  Ms. Mynarich, on behalf of the defendant, do

22 you have any other record under Rule 11 that you think I need to

23 make?

24         MS. MYNARICH:  No, Your Honor.

25         THE COURT:  I will recommend the pleas of guilty be

1  accepted and I will order a Presentence Investigation to be
2  conducted by the Probation Office.  With that, we'll be in
3  recess.  Thank you.
4                    (Court Adjourned at 1:45 p.m.)

1

2

3

4

5          I certify that the foregoing is a correct transcript
from the electronic sound recording of the proceeding in the
6   above-entitled matter.

7

          /s/ Lissa C. Whittaker          February 4, 2018
8          Signature of transcriber                Date

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25