**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 17-05023-01-CR-SW-RK |
| ) | |
| **RAYMOND ADAIR,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER

After the United States moved for pretrial detention, a hearing was held in this matter pursuant to 18 U.S.C. § 3142(f). The defendant was present personally and was represented by Erica Mynarich, attorney at law. The United States was represented by Jim Kelleher, Assistant United States Attorney.

An indictment has been returned alleging that the defendant committed an offense involving a minor victim. There exists therefore a rebuttable presumption that there are no conditions which would reasonably assure appearances at all proceedings, as required, and the safety of other persons and/or the community. *See* 18 U.S.C. § 3142(e)(3)(E). Based on the evidence presented at the hearing, there are no conditions that the Court can impose that would reasonably assure the safety of other persons or the community.

The factors to be considered by the Court in determining whether the defendant should be detained pending trial are enumerated in section 3142(g). The Court has already noted that this case involves a minor victim. The evidence at the detention hearing established that the weight of the evidence against the defendant is overwhelming.

Regarding potential danger to the community, the Court notes the nature of the instant offense and defendant's criminal history which includes, but is not limited to, the following: prior felony and misdemeanor arrests and convictions; multiple convictions for Indecent Exposure; misdemeanor

conviction for DWI; felony conviction for Possession of a Controlled Substance; and probation non-compliance.

Based on all the foregoing, the Court finds by finds by clear and convincing evidence that the defendant is a danger to the community.

**IT IS THEREFORE ORDERED** that the defendant be, and is hereby detained without bail.

**IT IS FURTHER ORDERED** that the defendant be committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

**DATED: April 16, 2018**

    /s/ *David P. Rush*
**DAVID P. RUSH**
**United States Magistrate Judge**